IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NYKEIMA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:23-CV-319-C-BH |
| ) | |
| EQUIFAX, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed February 10, 2023 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

### I. BACKGROUND

On February 10, 2023, the *pro se* plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By order dated February 14, 2023, the Court found that the application reflected enough assets with which to pay the filing fee, and it gave the plaintiff fourteen days to pay it. (*See* doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed. *Id.* Well more than fourteen days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

### II. IN FORMA PAUPERIS

"Section 1915(a) of [Title 28] is intended to provide access to federal courts for plaintiffs

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts have discretion to permit or deny an applicant to proceed IFP after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Id.*; *see also Williams v. Estelle*, 681 F. 2d 946, 947 (5th Cir. 1982) (the decision whether to grant IFP status is "committed to the discretion of the district court"). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's application reflects that her average monthly income is $1,345, her monthly expenses are $595, and she currently has $1000.00 in cash. It does not show that she has any demands on her financial resources that will cause her suffer undue financial hardship after payment of the required $402 filing fees.[2] Because the plaintiff has sufficient assets with which to pay the full filing fee in this action, her IFP application should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to pay the filing fee within fourteen days, despite an express warning that failure to do so would result in a recommendation that leave to proceed IFP be denied, and that

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

2

the case be dismissed.  Because she failed to comply with a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 14th day of March, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE